*1379·14*

CAUSE NO. PD-1379-14

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

SAMUEL AGUILAR,                                      APPELLANT,

v.

THE STATE OF TEXAS                                   APPELLEE.

On appeal from the Thirteenth District of Texas, Court of Appeal, under cause number 13-10-oo273-CR, from the 130th District Court of Matagorda County under cause number 09-253.

APPELLANT'S MOTION FOR REHEARING

FILED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

Samuel Aguilar

TDCJ 01631736
coffield unit
2661 FM 2054
Tenn.colony, Tx. 75884
PRO-SE.

## JURISDICTION

The Appellant's Petition for Discretionary Review was refused, by this Court, on February 4, 2015. Therefore, the Appellant is within his 15 day timeframe to file his motion for rehearing.

## QUESTION ONE

Is testimony relating to extraneous offenses for motive, outweighed by it''s prejudicial effect, when the extraneous offenses mislead the jury to consider that the Appellant was being a violent person in nature?

The State focused on the view that the testimony was relevant to demonstrate Aguilar's state of mind as well as his motive for murdering the victim because it showed that he was angry over the prospect of his girlfriend's having had sexual relations with sutton. Further, stating that this arguemnt took place only a short time before Sutton was found murdered, and Aguiler (finally) admitted that he had been in Sutton's house on the day of the murder and had seen Sutton's corpse there. See State's reply to Appellant's PDR, *1.

The Appellant contends that the extraneous offense of the Appellant beating Robbie, cutting her hair, and shooting threats at her for being a prostitute is conpletely mislead under the Texas Rules of Evidence 403. Not only was this evidence not relevant, but it was completely misleading. How could the jury, being a layman, separate this line of testimony from the alleged motive to kill. One being violent towards his spouse does not prove motive to kill Sutton. Appellant contends that this Coourt should rehearing this issue and grant rehearing for further proceedings.

## QUESTION TWO

How can the thirteenth Court of Appeals erroneously rule that the highly inflammatory photographs of Martinez's back, is not preserved, when the Appellant sought to meet, destroy, or explain the photo's, after proper objection, does

not waive the error?

The State contends that the Appellant has waived his complaint about the admission of the photographs of the physical injuries he inflicted on his ex-girlfrined because his objection at trial (that the photographs depocted an unadjudicated offense) does not match his complaint on appeal (that the photographs were unfairly prejudicial). See State's reply to Appellant's PDR, *3.

The Appellant contends that this Court has held, in the past, that he can bring his contentions or claims on appeal, if at trial, Appellant tried to meet, detroy, or explain erroneously admitted evidence does not waive the error, nor does it render the error harmless. See Clark v. State, 627 S.W.2d 693, 696 (Tex.Crim.App. 1981).

Appellant implores that this court should grant rehearing just to simply clarify the governing law on this claim becuase at this point the Appellant relies on govening law that allows him to appeal this issue, but, is being overruled on other governing law in Texas. Under this Court supervisory power, the Court can make it plain as to the governing law, when perservation is involved. Therefore, this cliam should be granted.

## QUESTION THREE

The Apopellant only implores this Court to rehear this issue in the light of the follwing question: In a legal sufficiency Standard, is the State's burdin to prove each and every essential element taken away, when a Court of Appeals' ruling, concluded that a rational jury properly weighed the testimony and evidence at trial? Appellant believes that the State's burden is not removed and this Court should grant rehearing to further tell the State that their duty under the legal insufficiency is to proof each and every element of the charged offense.

## PRAYER

The Apellant Prays that this Court will rehear this case and GRANT rehearing under the light of the Appellant's motion for rehearing, and Petition for Discretionary Review, and brief's on Appeal.

## INMATE DECLARATION

I, Samual Aguilar, TDCJ #01631736, being incarcerated int he TDCJ-CID Coffield unit in Anderson County, Texas, declares that the foregoing is true and correct under the penalty of perjury.

EXECUTED THIS DAY OF FEBRUARY 16, 2015.

Samuel Aguilar
#01621814-Coffield
2661 FM 2054
Tenn.Colony, Tx. 75884

## PROOF OF MAILING

I, Samual Aguilar, TDCJ #01631736, being incarcerated in the TDCJ-CID Coffield unit in Anderson county, Texas, decalres that he has placed this motion for rehearing in the the internal mailing system of the TDCJ-CID Coffield unit in Anderson county, on February 16, 2015.

Samuel Aguilar
#01621814-Coffield
2661 FM 2054
Tenn.Colony, Tx. 75884
PRO-SE.

CAUSE NO. PD-1379-14

SAMUEL AGUILAR                          §       IN THE COURT OF CRIMINAL

v.                                      §       APPEALS, IN AUSTIN TEXAS.

THE STATE OF TEXAS                      §

## CERTIFICATE OF GOOD FAITH

NOW COMES, Samual Aguilar, TDCJ #01631736, being incarcerated in the

TDCJ-CID Coffield unit in Anderson County, Texas, certifies that this motion

for rehearing, under the Texas Rules of Appellate procedure 79.2(c), is done

in good faith and not for delay. Under the penalty of perjury this is true and
correct.

EXECUTED THIS DAY OF FEBRUARY 15, 2015.


_Samuel Aguilar_
Samuel Aguilar
#01631736-Coffield
2661 FM 2054
Tenn.Colony, Tx. 75884
PRO.SE

Samuel Aguilar
#01631736-Coffield
2661 FM 2054
Tenn.Colony, Tx. 75884

LEGAL MAIL!!

MCKINNEY TEXAS TX PSDC
DALLAS TX 750
19 FEB 2015 PM 7 L

CLERK of the Court of
Criminal Appeal in Austin
P.O. box 12308
Capitol Station, Tx. 78711